**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Case No.  05-cr-00474-REB
(Civil Case No. 12-cv-02466-REB)

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.

GERALDINE WEBB,

    Defendant/Movant.

## ORDER RE: AMENDED MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

**Blackburn, J.**

The matter before me is the **Amended Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255** [#34][1] filed October 22, 2012, pro se by the defendant-movant.[2]

For the limited purposes of this order, the defendant-movant asserts, "I asked my defense counsel to file an appeal, after sentencing, but he refused to do so." Amended Motion [#34] at 3, ¶ B.5. Under the rubric of "Claims," at "Claim One" the defendant-movant essentially reiterates her assertion: "Defense counsel failed to file a 'Notice of Appeal' when I requested an appeal after sentencing." *Id.* at 5, ¶ D.4.

---

[1] "[#34]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

[2] Because the defendant-movant is pro se, I view her motion with the liberality due pro se litigants. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007); *Hall v. Belmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 595-96, 30 L.Ed.2d 652 (1972)).

The assertion of the defendant-movant that her attorney refused or failed to file a notice of appeal notwithstanding her timely request to do so is contested by her quondam counsel. The defendant-movant was represented at all relevant times by Peter A. Hedeen, Esq. In his sworn declaration, Mssr. Hedeen declared that the defendant-movant never asked him to file an appeal for her. Declaration [#41-3] at 1, ¶ 3. The assertion of the defendant-movant and the concomitant response of her erstwhile attorney creates a genuine issue of material fact that can best – if not only – be resolved by the presentation of evidence and argument.

Thus, in the interests of justice, the defendant-movant should be afforded a hearing on this limited portion of her claim of ineffective assistance of counsel – Claim One.  Because I will hear this portion of her amended motion for relief under 28 U.S.C. § 2255, under Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts, I must appoint counsel to represent the defendant-movant.

**THEREFORE, IT IS ORDERED** as follows:

1.  That a hearing on Claim One – that "Defense counsel failed to file a 'Notice of Appeal' when I requested an appeal after sentencing." Amended Motion [#34] at 5, ¶ D.4. – **SHALL BE SET** at which the court **SHALL RECEIVE** evidence and argument;

2.  That pursuant to Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts, a conflict-free attorney from the CJA panel **SHALL BE APPOINTED** to represent the defendant-movant; and

3.  That on March 20, 2013, at 10:00 a.m., the court **SHALL CONDUCT** a

telephonic setting conference to set this matter for hearing on Claim One of defendant-movant for ineffective assistance of counsel; provided, furthermore, that counsel for the government shall arrange, schedule, and coordinate the conference call necessary to facilitate the setting conference.

Dated February 27, 2013, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge